IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY ROCKETTE**                                                                                 **PLAINTIFF**

**V.**                                                                       **NO. 3:23-CV-406-DMB-RP**

**CARPENTER MANAGEMENT,**
**et al.**                                                                            **DEFENDANTS**

## ORDER

On November 13, 2023, United States Magistrate Judge Roy Percy issued a Report and Recommendation ("R&R") recommending the denial of Terry Rockette's motion to proceed in forma pauperis. Doc. #4. The R&R warned Rockette that his failure to file written objections to the proposed findings, conclusions, and recommendation by November 27, 2023, would bar him from appellate review except on plain error grounds. *Id.* at PageID 11. No objections to the R&R were filed.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[P]lain error review applies where a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court despite being served with notice of the consequences of failing to object." *Quintero v. State of Texas – Health and Hum. Servs. Comm'n*, No. 22-50916, 2023 WL 5236785, at *2 (5th Cir. Aug. 15, 2023) (cleaned up). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citation omitted).

The Court reviewed the R&R for plain error and concludes that it is neither clearly

erroneous nor contrary to law.[1]  Accordingly, the R&R [4] is **ADOPTED** as the order of the Court and Rockette's motion to proceed in forma pauperis [2] is **DENIED**.  Within fourteen (14) days of the entry of this order, Rockette must pay the filing fee or this case will be dismissed.

**SO ORDERED**, this 1st day of December, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The R&R states the sum of Rockette's listed monthly expenses is $124.00 based on Rockette's handwritten response to the question about "[a]ny housing, transportation, utilities, or loan payments, or other regular monthly expenses." Doc. #4 at PageID 11; Doc. #2 at PageID 8.  Rockette's handwritten response could be read to list rent as $24 or $240. *See* Doc. #2 at PageID 8.  Even if his monthly rent is $240, the R&R's conclusion that he "has not demonstrated … he is unable to pay for the costs of this litigation," Doc. #4 at PageID 11, is not clearly erroneous or contrary to law—particularly since, as the R&R points out, Rockette fails to provide his income amount from his college student loans. *Id.*; Doc. #2 at PageID 7.  *See, e.g.*, *Weston v. Cain*, No. 10-334, 2011 WL 1832887, at *3–4 (E.D. La. May 13, 2011) (denying in forma pauperis motion for failure to provide amount of money received from other sources); *Armstrong v. San Antonio Hous. Auth.*, No. 03-1128, 2004 WL 2397577, at *1–2 (W.D. Tex. Sept. 24, 2004) (denying application to appeal in forma pauperis for failure to list monthly income and assets with specificity, among other reasons).