IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY ROCKETTE**     **Plaintiff**

**v.**     **No. 3:23-cv-00406-MPM-RP**

**CARPENTER MANAGEMENT COMPANY, et al.**     **Defendants**

## ORDER

This cause comes before the Court on Defendant Berkshire Properties, LP's d/b/a Berkshire Apartments ("Berkshire Properties") Motion to Dismiss [32] for insufficient service of process pursuant to Federal Rule of Civil Procedure. 12(b)(5). This Court will also address Plaintiff Terry Rockette's Motion for Default Judgment [34]. The Court, having reviewed the record and applicable case law, is now prepared to rule.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 23, 2023, Mr. Rockette sued multiple defendants, one of whom is Berkshire Properties, for alleged gender and racial discrimination, sexual harassment, and other forms of physical harassment in connection with his lease. On April 4, 2024, Mr. Rockette amended his complaint to include other defendants and alleged violations of his constitutional rights, namely under the First, Fourth, and Fourteenth Amendments. On March 5, 2024, Mr. Rockette issued summonses to various defendants, one of which was directed to Berkshire Properties; however, the individuals to whom the summonses were directed are not affiliated with Berkshire Properties, and subsequently, the proper parties were not served within the permitted 90-day time frame.

On April 18, 2024, Berkshire Properties filed a motion to dismiss for insufficient service of process for failure to issue summons upon an authorized individual of the corporation pursuant to Fed. R. Civ. P. 4. Mr. Rockette directed the summons to two individuals who do not serve as

authorized agents to receive service of process for Berkshire Properties. Mr. Rockette did not oppose the motion but rather filed a motion for default judgment against Berkshire Properties and other defendants.

**ANALYSIS**

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). The party making service has the burden of demonstrating its validity when an objection to service is made. *Id*. (citing *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992)). Although service of process by pro se litigants is governed by more lenient standards, the case may be dismissed when the failure of effective service may be attributed to the plaintiff's "dilatoriness or fault" or "inaction." *Holly*, 213 F. App'x at 344-45 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

A corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4. The summons was directed to two individuals who are not officers, managing or general agents, or any other agents authorized by appointment or by law to receive service of process for or on behalf of Berkshire Apartments. Furthermore, as of today's date, Mr. Rockette has not opposed Berkshire Properties' motion to dismiss, nor has he attempted to correct his insufficient service of process. *See Holly*, 213 F. App'x at 345 (concluding that the district court did not abuse its discretion in granting defendant's motion to dismiss where plaintiff filed a motion for entry of default instead of

responding to the motion or attempting to correct her improper service). Accordingly, this Court will grant Berkshire Properties' motion to dismiss.

On April 25, 2024, Mr. Rockette filed a motion for default judgment against Berkshire Properties and other defendants. This Court has dismissed the claims against Paul Carpenter, Lana Hankins, Laura Hankins, Celeste Goodson, and Chezelle Ross for failure to serve process upon these defendants pursuant to Fed. R. Civ. P. 4(m). Therefore, Mr. Rockette's motion for default is only applicable to Berkshire Properties, Carpenter Management, and Audrea Ashford.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. Berkshire Properties, Carpenter Management, and Audrea Ashford timely answered Mr. Rockette's original and amended complaints. The defendants have actively defended themselves against this action, and therefore, Mr. Rockette is not entitled to a default judgment.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Berkshire Properties' Motion to Dismiss [32] is **GRANTED** as Plaintiff has failed to properly serve the defendant pursuant to Fed. R. Civ. P. 4.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment [34] is **DENIED** as the defendants have actively and timely defended themselves in this action.

SO ORDERED this 16th day of December, 2024.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI