IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY ROCKETTE**                                                                                                                               **Plaintiff**

**v.**                                                      **No. 3:23-cv-00406-MPM-RP**

**CARPENTER MANAGEMENT COMPANY, et al.**                               **Defendants**

## ORDER

This matter comes before the Court on Defendants Water Valley Police Department, Donald Gray, and CrowMartin, PLLC's (collectively, "Defendants") Motion for Judgment on the Pleadings [55] pursuant to Federal Rule of Civil Procedure 12(c). The Court, having reviewed the record and applicable case law, is now prepared to rule.

### RELEVANT FACTS

On October 23, 2023, Mr. Rockette sued multiple defendants, including Water Valley Police Department and CrowMartin, PLLC, for alleged gender and racial discrimination, sexual harassment, and other forms of physical harassment in connection with his lease. On April 4, 2024, Mr. Rockette amended his complaint to include other defendants, one of whom is Mayor Donald Gray of Water Valley, Mississippi, and alleged violations of his constitutional rights, namely under the First, Fourth, and Fourteenth Amendments.

On October 10, 2024, the aforementioned defendants filed a motion for judgment on the pleadings to dismiss Mr. Rockette's amended complaint asserting: Water Valley Police Department is not a proper party and lacks the capacity to be sued; CrowMartin, PLLC, the city attorney's private law firm, is not a state actor and cannot be sued under 42 U.S.C. § 1983; and Mr. Rockette has failed to state a claim under the First, Fourth, and Fourteenth Amendments. On January 21 and 22, 2025, Mr. Rockette responded in opposition to the motion arguing that he did not receive a

copy of the motion, and that Defendants were not legally represented by the attorneys who submitted the motion. Defendants assert in their reply that Mr. Rockette did in fact receive a copy of the motion. On October 10, 2024, Defendants mailed a copy of the motion and supporting memorandum to the address provided by Mr. Rockette, as listed on the docket. Eleven days later, Mr. Rockette filed a notice of change of pro se address, and Defendants re-mailed a copy of the motion and memorandum to his updated pro se address.

## STANDARD OF REVIEW

A motion for judgment on the pleadings serves a similar function to a Rule 12(b)(6) motion to dismiss. "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain. *Voest–Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir.), *cert. denied,* 119 S.Ct. 591 (1998). Moreover, in ruling on a motion for judgment on the pleadings, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. It is not necessary that a complaint contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.

2

2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must liberally construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

## ANALYSIS

Defendants Water Valley Police Department, CrowMartin, PLLC, and Mayor Donald Gray assert that Mr. Rockette's claims against them should be dismissed.

First, Water Valley Police Department argues that it cannot be sued as it does not enjoy a separate legal existence apart from the municipality. The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Mississippi Code authorizes suit against "[e]very municipality of this state." Miss. Code Ann. § 21-17-1(1). The Mississippi Supreme Court and federal courts in this district, however, have held that it does not authorize suit against a municipality's police department. *E.g., Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006) (holding that a sheriff's department does not enjoy a separate legal existence apart from the county in which it operates and is therefore not subject to suit); *Jackson v. City of Gulfport*, 2017 WL 651956, *2 (S.D. Miss. Feb. 16, 2017) ("[A] police department is not a separate legal entity that may be sued. Rather, it is an extension of the city."); *Stovall v. City of Hattiesburg*, 2010 WL 1908313, at *1-2 (S.D. Miss. May 17, 2010) (dismissing the Hattiesburg Police Department as a defendant because the City of Hattiesburg was the appropriate defendant). Therefore, the claims against Water Valley Police Department shall be dismissed.

Secondly, CrowMartin, PLLC, the city attorney's private law firm, argues that Mr. Rockette's claims against it should be dismissed because it is not a state actor and cannot be found in violation of 42 U.S.C. § 1983. Section 1983 allows individuals to seek redress when someone

3

acting under the authority of state law "subjects" them to a deprivation of rights or "causes" them "to be subjected" to a deprivation of rights. Generally, a plaintiff asserting a claim under § 1983 must (1) allege the deprivation of a right secured by the Constitution or federal law and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be 'fairly attributable to the State.'" *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Mr. Rockette claims that CrowMartin, PLLC conspired with the other defendants and knowingly participated in the alleged discriminatory and intimidating behavior described in his complaint. In support, Mr. Rockette asserts that CrowMartin, PLLC informed him that they represent the board of supervisors and the City of Water Valley and would be taking care of his complaints. Mr. Rockette stated that CrowMartin, PLLC later visited his residence to serve him a notice stating that they would be representing the other defendants named in his complaint in a lawsuit against him. It appears that Daniel Martin and CrowMartin, PLLC were simply fulfilling their duties as legal counsel to the City of Water Valley and the other defendants. These few statements without further supporting evidence of the alleged conspiracy and constitutional violations are insufficient to support a plausible claim to relief. For these reasons, the claims against CrowMartin, PLLC shall be dismissed.

Lastly, to prevail on a claim against Mayor Donald Gray, Mr. Rockette must overcome qualified immunity by demonstrating "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

4

The allegations related to Mayor Gray include: an employee of Berkshire Apartments voiced her support for Mayor Gray and "teamed up" with him to discriminate against Mr. Rockette and evict him; Mayor Gray conspired with the other defendants and knowingly participated in the alleged discriminatory and intimidating behavior; and an email from Mayor Gray stating "THIS IS THE MAYOR, I DO NOT HANDLE POLICE BUSINESS ACCORDING TO STATE STATUTES." Under Rule 12(c), this Court is confined to the pleadings, and Mr. Rockette has not presented evidence demonstrating Mayor Gray's direct involvement in the alleged discriminatory behavior described in his complaint. Moreover, his grievances appear to arise from the actions of the apartment complex employees, rather than any actions taken by or on behalf of Mayor Gray. Thus, Mr. Rockette cannot establish a connection between Mayor Gray and the alleged misconduct, let alone a constitutional violation, and therefore, cannot overcome qualified immunity.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendants Water Valley Police Department, Donald Gray, and CrowMartin, PLLC's (collectively, "Defendants") Motion for Judgment on the Pleadings [55] is **GRANTED**.

SO ORDERED this 21st day of March, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI