IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TERRY ROCKETTE                                                PLAINTIFF

v.                                  CIVIL ACTION NO. 3:23-CV-406-MPM-RP

CARPENTER MANAGEMENT, et al.                            DEFENDANTS

**ORDER**

This matter is before the court on the *pro se* plaintiff Terry Rockette's Emergency Motion for Clarification and Permission to File Police Reports; Preservation of Rights, Tolling, and Obstruction—Sanction Safe. ECF 116. For the reasons below, the court finds the plaintiff's motion is not well taken and should be denied.

Rockette brought this civil action seeking the recovery of damages and other relief against various businesses, private individuals, government officials, and government agencies for various alleged wrongdoings, including housing discrimination, sexual harassment, and violations of his constitutional rights. Rockette now seeks various forms of "emergency" relief due to the City of Water Valley's alleged "ongoing obstruction" of his rights. He submits to the court that, for the past three years – and most recently on October 6, 2025 -- the City of Water Valley's police department has denied his requests to file police reports of incidents involving defendants in the present action as well as other individuals not named in this case. In his motion, Rockette requests that the court:

1. Clarify that Plaintiff retains the right to file police reports regarding alleged criminal misconduct, including incidents involving defendants and other individuals not named in the civil suit.
2. Order the City of Water Valley and its employees to allow Plaintiff to safely and properly file police reports without interference or obstruction.
3. Recognize tolling of any statute of limitations applicable to these reports due to prior obstruction or delayed discovery.
4. Permit witnesses identified, including Officer Aquarius Phillips and the retired city employee, to provide testimony or statements regarding Plaintiff's attempts to file complaints.
5. Grant any other relief the Court deems just and proper.

ECF 116 at 4. The defendants City of Water Valley, Jason Mangrum, Walter Brooks, Toby Britt, and Daniel Martin have responded in opposition to the motion, arguing that Rockette's requests are improper and should be denied. The court agrees.

As to Rockette's requests that the court "clarify" his right to file police reports and recognize the tolling of any statute of limitations applicable to the reports, the defendants correctly point out that these requests essentially seek legal advice or advisory opinions, neither of which is permitted. *United States Department of Defense v. American Federation of Government Employees*, *AFL-CIO, District 10*, 792 F.Supp.3d 711, 724 (W.D. Tex. July 23, 2025) (observing that "federal courts do not issue advisory opinions about the law"); *Lonot v. Marshall,* No. 3:25-cv-363-HTW-LGI, 2025 WL 2917760, at *1 (S.D. Miss. Oct. 14, 2025) (denying pro se petitioner's motion for clarification of law).

As to Rockette's request for an order requiring the City of Water Valley and its employees to allow him to file police reports without interference or obstruction, the court construes this as a request for preliminary injunctive relief. However, "[a] movant cannot be granted a preliminary injunction unless it can establish that it will suffer irreparable harm without an injunction." *Luckenbach Texas, Inc. v. Skloss*, No. 1:21-CV-871-RP, 2022 WL 5568437, at *3 (W.D. Tex. July 8, 2022) (citing *Amaxon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d

1343, 1350 (Fed. Cir. 2001)). "A long delay by plaintiff after learning of the threatened harm also may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction." *Luckenbach Texas, Inc.*, 2022 WL 5568437, at *4 (quoting CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, 11A FEDERAL PRACTICE AND PROCEDURE § 2948.1 (3d ed.)). "Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating there is no apparent urgency to the request for injunctive relief." *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F.Supp.2d 603, 609 (N.D. Tex. 2006) (quoting *Wireless Agents, L.L.C. v. T-Mobile USA, Inc.,* No. 3:05-CV-0094-D, 2006 WL 1540587, at *3 (N.D. Tex. June 6, 2006)).

In the present case, according to Rockette's "emergency" motion, the "ongoing obstruction" of which he complains began in August of 2022 -- more than three years before he filed his motion, which was not filed until over a year-and-a-half after he filed his amended complaint alleging such obstruction. Rockette offers no explanation – let alone a good one – for his delay in filing his motion, which indicates there is no "emergency" and Rockette will not suffer irreparable harm if a preliminary injunction is not granted. *See Gonnanies, Inc.*, 464 F.Supp.2d at 609 (finding delay of over six months rebutted any presumption of irreparable harm).

Further, Rockette's requested preliminary injunctive relief impermissibly exceeds the scope of the relief he requested in his amended complaint, in which he requests only money damages and a judgment barring the defendant officials who took an oath to uphold the constitution from holding public office. ECF 24 at 14. Rockette may not request by motion injunctive relief greater than the relief requested in his amended complaint. *See Temple v. Reliance First Capital, LLC*, No. 2:24-cv-634-ACA, 2025 WL 1484706, at *3 (N.D. Ala. June 4,

2025) (denying plaintiff's motions for preliminary injunction because "the relief [she] requests in her motions cannot be greater than the relief she requests in her amended complaint") (citing *Noble Prestige Ltd. v. Galle*, 83 F.4th 1366, 1382-83 (11th Cir. 2023)); *Giaimo v. MacKinnon*, No.00-389-JD, 2000 WL 1745171, at *4 and n.7 (D.N.H. Oct. 20, 2000) (denying plaintiffs' motion for preliminary injunction where "[t]he injunctive relief sought in the plaintiffs' motion is broader than the relief requested in their complaint").  For these reasons, Rockette's request for preliminary injunctive relief should be denied.

Finally, as to Rockette's request that the court permit certain witnesses to testify regarding his attempts to file complaints, his motion is not the proper procedural mechanism for obtaining court approval of his trial witnesses or the scope of their testimony.  Rather, Rockette must identify his trial witnesses in his submissions for inclusion in the pretrial order, and the court will not engage in the exercise of determining which of his witnesses may testify and what they may testify about unless and until there is a dispute in those regards, such as an objection raised by the defendants in a motion, at the pretrial conference, or at trial.

For these reasons, Rockette's Emergency Motion for Clarification and Permission to File Police Reports; Preservation of Rights, Tolling, and Obstruction—Sanction Safe [ECF 116] is DENIED.

**SO ORDERED**, this the 14th day of November, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE