IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY ROCKETTE**                                                                                                           **PLAINTIFF**

**v.**                                                         **No. 3:23-cv-00406-MPM-RP**

**CARPENTER MANAGEMENT COMPANY,** *et al.*                     **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on Defendants', the City of Water Valley, Chief of Police Jason Mangrum, Officer Walter Brooks, Officer Toby Britt, and Daniel Martin (collectively "Defendants"), Motion for Summary Judgment [136]. *Pro se* Plaintiff, Terry Rockette has responded in opposition. Mr. Rockette filed a Motion for Extension of Time to File Response [141]. The Court, having reviewed the record and applicable case law, is now prepared to rule.

### RELEVANT BACKGROUND

This matter arises from Defendants' alleged conduct in relation to inspections of Mr. Rockette's apartment, his fair housing complaints, and his subsequent eviction from Berkshire Apartments. On May 27, 2021, Mr. Rockette executed a lease agreement with Carpenter Management for a unit in Berkshire Apartments located in Water Valley, Mississippi. The lease agreement covered a one-year period and was subject to renewal and recertification by May 31, 2022. The lease agreement's occupancy rules specifically authorized Carpenter Management and its employees to perform routine inspections of Mr. Rockette's apartment. [136] ex. B. Additionally, Mr. Rockette qualified for rental assistance, and in exchange for paying rent well below the unit's market value, he was required to recertify his income every year.

In May 2022, Mr. Rockette renewed his lease with Carpenter Management and recertified his income for rental assistance under the same terms as his first lease. While living in Berkshire Apartments, Mr. Rockette filed three fair housing complaints against Carpenter Management and its employees. His complaints were based on alleged harassment he faced from Berkshire Apartment employees, particularly he claims that Audrea Ashford, Berkshire Apartment's manager, offered to have intercourse with him to drop his complaint, and that she allegedly threatened him with violence. The U.S. Department of Housing and Urban Development issued findings of "No Reasonable Cause" as to all three of Mr. Rockette's fair housing complaints against Carpenter Management. [136] ex. D.

Due to the pending fair housing complaints, on May 25, 2022, Ms. Ashford requested that a Water Valley police officer accompany her on her routine inspection of Mr. Rockette's apartment to serve as neutral observers. An officer was dispatched and accompanied Ms. Ashford on her inspection which was conducted in accordance with the lease agreement and occupancy rules. Mr. Rockette was aware that routine inspections by Carpenter Management were conducted approximately every three months. Mr. Rockette alleges that he was constantly harassed by police officers following this inspection, and many of his police reports were ignored. Nothing in the record, outside of Mr. Rockette's allegations, supports the contention that police misconduct or harassment occurred against Mr. Rockette.

In May 2023, Mr. Rockette failed to recertify his income, and subsequently his rental assistance terminated, and his rent shot up to market rate. Despite this change, Mr. Rockette only paid Carpenter Management his previously reduced rate. After failing to pay his full rent in June and July of 2023, Mr. Rockette was subsequently evicted from his Berkshire Apartments unit for failure to pay rent. Mr. Rockette filed suit against Defendants pursuant to 28 U.S.C. § 1983 and

multiple state statutes for their actions taken during his time living at Berkshire Apartments where he alleges Defendants violated his Constitutional rights. Defendants filed the current motion for summary judgment for Mr. Rockette's claims against them.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *See Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). At the summary judgment stage, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1076.

## ANALYSIS

I.    **Motion for Summary Judgment**

    A.    **Private Actor Defense**

Mr. Rockette raised 42 U.S.C. § 1983 claims against Daniel Martin, an attorney who represents Water Valley as City Attorney and Carpenter Management privately, for allegedly using the information gained as the City Attorney to benefit his client, Carpenter Management, in an alleged conspiracy to deprive him of his rights. Defendants assert that Mr. Rockette's § 1983 claims against Daniel Martin must fail because Mr. Rockette lacks evidence to attribute Martin's conduct that allegedly violated Mr. Rockette's rights as attributable to the State.

A plaintiff alleging a § 1983 claim must show that a defendant acted "under color of state law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Defendants contend that Mr. Rockette's claims against Mr. Martin were due to Mr. Martins representation of Berkshire Apartments during his private practice with CrowMartin, and not in his role as a City Attorney which would subject him to § 1983 claims. The Court agrees that Mr. Rockette has failed to provide evidence outside of the fact that Mr. Martin serves as City Attorney to Water Valley and is also part of the CrowMartin firm which represented Berkshire Apartments during his eviction. The Court finds that Mr. Rockette's claims against Mr. Martin encompass his conduct as a private actor and not an officer of the state.

Acting "under color of state law for § 1983 purposes does not require that the defendant be an officer of the State." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (quotation marks omitted). "Although private entities are not generally considered state actors, it is without doubt that the actions of a private citizen can ... become the actions of the state for purposes of § 1983." *Meade v. Dillard Dep't Stores*, 275 F.3d 43, 2001 WL 1223752 at *3 (5th Cir. 2001) (alterations and

4

quotation marks omitted). In particular, "a private individual may act under color ... when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citations omitted). Mr. Rockette alleges that Mr. Martin's representation of Berkshire Apartments during his eviction and his representation of Water Valley were part of a conspiracy to discriminate against him. Mr. Rockette failed to provide any evidence that Mr. Martin was acting under the color of state law by representing both the city and Berkshire Apartments. Without more evidence, Mr. Rockette's allegations fail to rise above the speculative level sufficient "to raise a right to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court finds that Mr. Martin was not acting under the color of state law and as a result, Mr. Rockette's claims against Mr. Martin are dismissed.

### B. Qualified Immunity

The remaining individual defendants Jason Mangrum, Walter Brooks, and Toby Britt, all of whom are officers of the State, raise the qualified immunity defense against Mr. Rockette's § 1983 claims. Mr. Rockette alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights. His 42 U.S.C. § 1983 claim is based on Officer Brooks having been present, on the request of Carpenter Management, during his apartment's inspection; Chief Mangrum and other officers not investigating his police reports; allegedly threatening and harassing him; and for allegedly retaliating against him for engaging in protected activity.

42 U.S.C. § 1983 allows individuals to seek redress when someone acting under the authority of state law "subjects" them to a deprivation of rights or "causes" them "to be subjected" to a deprivation of rights. Generally, a plaintiff asserting a claim under 42 U.S.C. § 1983 must (1) allege the deprivation of a right secured by the Constitution or federal law and (2) demonstrate that

5

the alleged violation was committed by a person acting under color of state law. *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Qualified immunity is a judicially created legal doctrine which "shields federal and state officials from money damages." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion," the burden shifts to the plaintiff to "rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997). "The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005) (citing *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir.2001)). The plaintiff, not the defendant, must do the majority of the work in the qualified immunity context.

In this case, Defendants Jason Mangrum, Walter Brooks, and Toby Britt are members of the police force. All the named defendants are government officials whose positions involve the exercise of discretion, so they are able to raise a good faith qualified immunity defense. *See e.g. Pearson v. Callahan*, 555 U.S. 223, 230-31 (2009) (allowing police officers to raise a qualified immunity defense in response to 42 U.S.C. § 1983 claims raised against them by an arrestee). The burden has shifted to the plaintiff Mr. Rockette who has responded to Defendants' qualified immunity motion.

To rebut a qualified immunity defense, the plaintiff must have "alleged a violation of a constitutional right and whether the right at issue was 'clearly established' at the time of the alleged violation." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (citing *Pearson v.* Callahan, 555 U.S.

6

223, 232 (2009)). The Supreme Court has instructed that "lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." *Ashcroft*, 563 U.S. at 735.

Mr. Rockette has alleged violations of his constitutional rights, which form the basis for his § 1983 claim against Defendants. At the summary judgment stage, the Court must accept all inferences in favor of the nonmoving party Mr. Rockette. *See Reeves*, 530 U.S. at 150. Even making inferences in Mr. Rockette's favor, the Court finds that he has not cited sufficient case law to show that the rights allegedly violated were clearly established. *See Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (The burden proof to show that an officer violated a clearly established law is "heavy.").

Regarding the clearly-established-right prong, "[a] right is 'clearly established' if it is 'one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Cope*, 3 F.4th at 204 (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). "Unless existing precedent 'squarely governs' the conduct at issue, an official will be entitled to qualified immunity." *Id.* (citing *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam)).

Defendants assert that they were acting within the scope of their authority, and that none of their actions obviously violated any of Mr. Rockette's rights. Mr. Rockette asserted that Defendants' conduct consisted of political retaliation for his past mayoral campaign, racial discrimination as the first African American male to run for mayor, police harassment, and unlawful entry into his apartment. Defendants argue that Mr. Rockette has not cited any factually analogous case holding that Defendants' specific conduct was unconstitutional or that was more than a broad general citation. The Court agrees with this assertion.

7

Mr. Rockette cited some case law to serve as the legal support for his claims,[1] but he makes no effort to describe how any Defendants' specific conduct is "squarely govern[ed]" by the cited case law or which of his rights are clearly established by the citations. *See Cope*, 3 F.4th at 204. He makes no argument or clear indication on how the case law he cites classifies Defendants' particular actions as violations beyond debate or how the Defendants' actions are encompassed by the case law. *See Morrow*, 917 F.3d at 874. Clearly established law must not be defined at a high level of generality. *See City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 613 (2015) ("Qualified immunity is no immunity at all if clearly established law can simply be defined as the right to be free from unreasonable searches and seizures.").

Here, Mr. Rockette only attempts to define the relevant law at a high level of generality, which is insufficient to overcome Defendants' qualified immunity. He failed to meet his heavy burden of showing that existing precedent squarely governs Defendants' conduct. The individual defendants are entitled to qualified immunity for all of Mr. Rockette's claims against them. *See Cope*, 3 F.4th at 204. This qualified immunity also applies to the unnamed police officers mentioned in Mr. Rockette's complaint.

### C. Municipal Liability

All claims raised against the named defendants in their official capacities are treated by this Court as being asserted against the City of Water Valley. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 396 (5th Cir. 2009) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Serv. Of New York*, 436 U.S. 658, 690 n. 55 (1978)).

---

[1] Mr. Rockette did not provide full citations nor pin cites in his response. The Court will note that after reasonable attempts to locate the case law he cited, it is unclear in multiple instances the exact cases if any that Mr. Rockette is referring to with certain citations. For the purposes of clarity, the following citations will be listed in the format Mr. Rockette presented them: Turner v. Ellerbe, 5th Cir.; Williams v. Bramer, 5th Cir.; Payton v. New York.

The 42 U.S.C. § 1983 standard differs in actions against municipalities. A municipality may only be held liable under § 1983 if "the governmental body itself subjects [that] person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted) (quoting *Monell v. Dep't of Soc. Serv. Of New York*, 436 U.S. 658, 692 (1978)). Because such entities are only responsible for their own illegal acts, they cannot be vicariously liable for their employees' actions. *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 698. To establish constitutional liability under *Monell*, a plaintiff must allege that (1) a constitutional violation occurred, and (2) an official policy or custom was the "moving force" behind the violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 579-80 (5th Cir. 2001); *Monell*, 436 U.S. at 694.

Mr. Rockette asserts that the City of Water Valley deprived him of his First, Fourth, and Fourteenth Amendment rights. "[W]ithout a predicate constitutional violation, there can be no *Monell* liability." *Loftin v. City of Prentiss, Miss.*, 33 F.4th 774, 783 (5th Cir. 2022). Mr. Rockette has asserted a multitude of constitutional violations against the City of Water Valley. Even if the Court assumes a constitutional violation occurred, Mr. Rockette failed to demonstrate that an official policy or custom was the cause of the violation. *Piotrowski*, 237 F.3d at 579-80.

A municipality may be held liable under § 1983 if the deprivation of a constitutional right was due to an official policy or custom. *Id.* at 579. A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of*

9

*Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009). Mr. Rockette alleges that the City of Water Valley created a custom where police officers were permitted to turn off their body cameras to cover up their potential misdeeds. Mr. Rockette claims this custom came about due to Chief Mangrum's failure to reprimand and train his officers for failing to activate their body cameras when allegedly trespassing onto Mr. Rockette's dwelling.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61. To show liability under a failure to train theory, a plaintiff must prove that "1) the [city] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Pena*, 879 F.3d at 623. Even accepting all of Mr. Rockette's allegations as true, his claims against the City of Water Valley must fail on the second causal connection prong and the third deliberate indifference prong.

Mr. Rockette failed to provide evidence of any causal connection between this alleged custom of officers failing to activate their body cams and the constitutional violations he alleged to have suffered. Nothing in the record indicates that officers failing to activate their bodycams would lead to Mr. Rockette's alleged constitutional violations. *See Id.*

The "standard for [municipal] fault" is a "stringent" one, "[a] pattern of similar constitutional violations by untrained employees is ordinarily" required to show deliberate indifference. *Id.* (citing *Connick*, 563 U.S. at 62). Mr. Rockette's only facts about lack of training pertain to his allegations in what police officers did during the inspection of his apartment, he has not raised any specific facts that the City's failure to train its officers has led to multiple instances

10

of constitutional violations. Suffice it to say, Mr. Rockette has not raised enough facts to indicate that the City of Water Valley failed to train its officers or that it constituted deliberate indifference. As a result, he has not shown the existence of a widespread policy or custom of the City of Water Valley that caused him to experience Constitutional violations. By failing to prove the last two elements of the *Pena* failure to train test, Mr. Rockette's § 1983 claims against the City of Water Valley and its agents fail, and all his federal claims against Defendants must be dismissed.

### D. State Law Claims

Turning to Mr. Rockette's state law claims, in cases such as this one, where all federal claims are dismissed prior to trial, 28 U.S.C. § 1367(c)(3) grants this court discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. In the Fifth Circuit, the "general rule" is that courts should "decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). In concluding that it should follow the general rule in this case, this Court notes that § 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Importantly, the four § 1367(c) factors are listed in the disjunctive, which means that only one of them needs to be met to grant a district court discretion to decline to exercise supplemental jurisdiction.

The Court will note that Mr. Rockette's state law claims are based on his citations to multiple sections of the Mississippi code,[2] and it is unclear how each statute is being asserted against specific defendants. [24]. Since the underlying federal claims against Defendants are being dismissed, the Court will decline to exercise supplemental jurisdiction over Mr. Rockette's state law claims against them.

## II.     Pending Motion for Extension of Time

Mr. Rockette also filed a Motion for Extension of Time [141] as to his response in opposition to the Defendants' Summary Judgment Motion [136]. The Defendants did not oppose Mr. Rockette's request for a 45-day extension as to his response. More than 45 days have passed since Mr. Rockette's request, and he made multiple informative filings including a Memorandum in Opposition [142], a Response in Opposition [144], and two Notices of Clarifications [148]. [149]. In the above analysis dismissing Mr. Rockette's claims, the Court took into consideration Mr. Rockette's various late filings. As a result, it would be moot for the Court to grant Mr. Rockette's Motion for Extension of Time. The extension of time motion is denied.

## CONCLUSION

**ACCORDINGLY**, Defendants' Motion for Summary Judgment [136] is **GRANTED**. Mr. Rockette's Federal claims against the City of Water Valley, Chief of Police Jason Mangrum, Officer Walter Brooks, Officer Toby Britt, Daniel Martin, and the unnamed Police Officers are **DISMISSED WITH PREJUDICE**. Mr. Rockette's State law claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. Mr. Rockette's Motion for Extension of Time to File [141] is **DENIED as moot**.

---

[2] Mr. Rockette's amended complaint [24] is split into multiple counts, and each count is addressed to specific defendants, but he alleges that multiple Mississippi Code statutes were violated by Defendants without identifying how each specific defendant violated the statutes or whether the statutes even provided him a private cause of action.

**SO ORDERED** this 13th day of March, 2026.

                                                                                                        /s/Michael P. Mills
                                                                                                   UNITED STATES DISTRICT JUDGE
                                                                                                   NORTHERN DISTRICT OF MISSISSIPPI