IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY ROCKETTE**                                                                            **PLAINTIFF**

**v.**                                                                         **No. 3:23-cv-00406-MPM-RP**

**CARPENTER MANAGEMENT COMPANY,** *et al.*                 **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This cause comes before the Court on Defendants', Carpenter Management, LLC and Audrea Ashford (collectively "Defendants"), Motion for Summary Judgment [133]. *Pro se* Plaintiff, Terry Rockette has responded in opposition [144] to the motion. The Court, having reviewed the record and applicable case law, is now prepared to rule.

**RELEVANT BACKGROUND**

This matter arises from Defendants' alleged conduct in relation to inspections of Mr. Rockette's apartment, his fair housing complaints, and his subsequent eviction from Berkshire Apartments. Mr. Rockette initially toured apartment D4 to sign a lease with Defendants. When Mr. Rockette decided to sign a lease, he claims to have been denied the apartment he toured. Defendants assert that Mr. Rockette was never denied an apartment, and instead the apartment he toured had already been leased to another tenant, and Defendants offered to lease Mr. Rockette apartment B08.

On May 27, 2021, Mr. Rockette executed a lease agreement with Carpenter Management for unit B08 in Berkshire Apartments located in Water Valley, Mississippi. The lease agreement covered a one-year period and was subject to renewal and recertification by May 31, 2022. The occupancy rules in the lease agreement specifically authorized Carpenter Management and its employees to perform routine inspections of Mr. Rockette's apartment. [136] Ex. B. Additionally,

Mr. Rockette qualified for rental assistance, and in exchange for paying rent well below the unit's market value, he was required to recertify his income every year.

In May 2022, Mr. Rockette renewed his lease with Carpenter Management and recertified his income for rental assistance under the same terms as his first lease. While living in Berkshire Apartments, Mr. Rockette filed three fair housing complaints against Carpenter Management and its employees. [136] Ex. D. His complaints were based on alleged harassment he faced from Berkshire Apartment employees, particularly he claims that Audrea Ashford, Berkshire Apartment's manager, offered to have intercourse with him to drop his fair housing complaints, and that she allegedly threatened him with violence. On October 25, 2024, the U.S. Department of Housing and Urban Development issued findings of "No Reasonable Cause" as to all three of Mr. Rockette's fair housing complaints against Carpenter Management. [135] Ex. D.

Due to the pending fair housing complaints, on May 25, 2022, Ms. Ashford requested that a Water Valley police officer accompany her on her routine inspection of Mr. Rockette's apartment to serve as a neutral observer. An officer was dispatched and accompanied Ms. Ashford on her inspection which was conducted in accordance with the lease agreement and occupancy rules. Mr. Rockette was aware that routine inspections by Carpenter Management were conducted approximately every three months.

In May 2023, Mr. Rockette failed to recertify his income, and subsequently his rental assistance terminated, and his rent rose to market rate. Despite this change, Mr. Rockette only paid Carpenter Management his previously reduced rate. After failing to pay his full rent in June and July of 2023, Mr. Rockette was subsequently evicted from his Berkshire Apartments unit for failure to pay rent. Mr. Rockette filed suit against Defendants for their actions taken during his time living at Berkshire Apartments where he alleges Defendants discriminated against him. Defendants filed

2

the current motion for summary judgment for Mr. Rockette's claims against them. Mr. Rockette's opposition to the motion is merely a list of exhibits and their intended effects on the matter.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *See Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). At the summary judgment stage, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1076.

## ANALYSIS

### I. Raised Claims

Mr. Rockette raised a multitude of claims against Carpenter Management, LLC, Audrea Ashford, and 10 unnamed Carpenter Management and Berkshire employees among other

3

Defendants. In his deposition, Mr. Rockette identified the following claims against Defendants: discrimination on the basis of his race and sex in violation of the Fair Housing Act; retaliation and harassment in violation of 42 U.S.C. § 3617; state law unlawful entry; and disturbance of the peace.[1] Additionally, in his amended complaint, Mr. Rockette also raised the claims of 42 U.S.C. § 1983 violations of his fourth amendment rights; violations of Miss. Code Ann. §§ 97-3-55, 97-7-75; false imprisonment; threats; intentional infliction of emotional distress; defamation; and invasion of privacy. Mr. Rockette claims that the reason he was targeted by Defendants was because he previously ran for Mayor of Water Valley, his race, and his gender.

As for the § 1983 claim raised against Ms. Ashford, they must fail. Section 1983 does not exist to provide a remedy for the wrongful conduct of private parties, no matter how egregious the conduct. *Cornish v. Corr. Sers. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). For a plaintiff to state a viable § 1983 constitutional deprivation claim against a private party, the private party's alleged conduct must constitute state action under color of state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 931-932 (1982).

A court seeking to determine if a private party has acted under color of state law must inquire whether there exists such nexus between the state and the action by the private party that otherwise private behavior has in fact become behavior of the state itself. *Brentwood Academy v. Tenn.Secondary Sch. Athletic Assoc.,* 531 U.S. 288, 295 (1999); *Morris v. Dillards Dept. Stores, Inc.,* 277 F.3d 743, 747–748 (5th Cir. 2001). A plaintiff must allege an agreement exists between a private party and a governmental entity, resulting in a deprivation of constitutional rights.

---

[1] Mr. Rockette attempted to raise the unlawful entry, state civil claim, and disturbance of the peace, criminal claim, causes of action during his deposition. The Court will not consider these claims because they were not validly raised in Mr. Rockette's original or amended complaint. *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (affirming grant of summary judgment where appellant's First Amendment retaliation claim was raised for the first time in response to the summary judgment motion and not in her complaint).

*Priester v. Lowndes Co.*, 354 F.3d 414, 420 (5th Cir.2004). Here, Mr. Rockette alleged that Ms. Ashford violated his Fourth Amendment rights by having a police officer present when she conducted her inspection of his apartment. Mr. Rockette never alleged that an agreement to existed between Ms. Ashford and the police officer that would violate his rights. Ms. Ashford's request that a police officer be present as a neutral observer during her inspection is not state action necessary to invoke § 1983. As a result, Mr. Rockette's § 1983 claim against Defendants fails.

## II.     Racial and Gender Discrimination

Defendants assert that Mr. Rockette is unable to show that they discriminated against him based on his race and gender in violation of 42 U.S.C. §§ 3604(a)-(b) of the Fair Housing Act ("FHA"). Mr. Rockette asserts that he was discriminated against on the basis of his race and gender when obtaining his apartment. The relevant subsections of Section 3604 state in relevant part:

> it shall be unlawful--(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin. (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604. "With discriminatory treatment claims, there can be no liability without a finding that the protected trait, [race or sex], motivated the challenged action." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019). "Once a plaintiff has presented prima facie evidence of housing discrimination, either through direct or circumstantial evidence," summary judgment is ordinarily inappropriate, because a claim of discrimination requires a determination of subjective intent. *Texas v. Crest Asset Management, Inc.*, 85 F.Supp.2d 722, 729 (quotation omitted).

Mr. Rockette's racial discrimination claims fail, even when observed in the light most favorable to him, because he fails to demonstrate the threshold requirements to invoke §§ 3604(a)-

5

(b). Mr. Rockette was never denied an apartment by Defendants nor did Mr. Rockette claim that the conditions of his dwelling differed from other tenants, to even question if there existed a discriminatory motive. Mr. Rockette claims he was not allowed to lease apartment D4, which he toured and inquired about; however, the record indicates that Mr. Rockette never took the steps necessary to lease apartment D4 from Defendants.

Additionally, it is undisputed that once Mr. Rockette was able to make a bona fide offer, as he needed to be approved for rental assistance, that Mr. Rockette signed a one-year lease for apartment B08 with Defendants; that other African Americans resided in Berkshire Apartments; and that Mr. Rockette renewed his lease and rental assistance successfully after his first-year lease ended. These undisputed facts make it impossible for Mr. Rockette to raise a claim of racial discrimination under 42 U.S.C. §§ 3604(a)-(b) because he was never prevented from renting an apartment from Defendants and he was not forced to take different or additional terms in his lease when compared to other tenants. Mr. Rockette's racial discrimination claims pursuant to §§ 3604(a)-(b) are dismissed.

Mr. Rockette's gender discrimination claims made pursuant to 42 U.S.C. §§ 3604(a)-(b) of the FHA also fail. For the apartment denial, Mr. Rockette claims that he was shown a specific apartment, but when he signed the lease to move in, he was given a different apartment because female tenants were given priority to units in building D. As stated above, the successful lease of an apartment by Mr. Rockette from Defendants, even though it was not the specific apartment he toured, fails to qualify as an adverse action necessary to invoke 42 U.S.C. § 3604. Mr. Rockette's § 3604 claims for both racial and gender discrimination fail.

All other claims of discrimination Mr. Rockette raised in his complaint pursuant to 42 U.S.C. § 3604 relate to the conditions and habitability of the housing provided. The Fifth Circuit

6

expressly limited the scope of § 3604 discrimination claims to alleged discrimination related to the sale, rental, or eviction from housing, and not the habitability or value of the housing itself. *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 746 (5th Cir. 2005). Mr. Rockette's remaining claims of discrimination fail as a result.

### III. FHA Retaliation & Harassment Claims

Mr. Rockette also raised claims of retaliation[2] pursuant to 42 U.S.C. § 3617 against Defendants for threats, improper infractions, ignored maintenance requests, lack of accommodation; and sexual harassment he allegedly experienced while living in Berkshire apartments. 42 U.S.C. § 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed ... any right granted or protected by section ... 3604 ... of this title." To raise a claim for retaliation under the FHA, the plaintiff must show "1) she was engaging in a "protected activity;" 2) the subsequent actions of the defendant were causally linked with her exercise of that protected activity; and 3) she suffered some resulting damage." *Scruggs v. Marshall Hous. Auth.*, 232 F.3d 210, *2 (5th Cir. 2000). The defendant's conduct must also be motivated by some discriminatory animus, and the evidence provided by the plaintiff must go beyond mere subjective beliefs. *See id.*; *see also* 42 U.S.C. § 3604. Harassment alleged under 42 U.S.C. § 3617 must be connected to a tenant's "attempts to exercise their rights under the FHA." *Hood v. Pope*, 627 F. App'x 295, 300 (5th Cir. 2015).

Mr. Rockette claims that Defendants harassed and threatened him. Mr. Rockette described the harassment as including improper infractions applied to him after Defendants inspected his

---

[2] Defendants address Mr. Rockette's claims of retaliation and harassment under the FHA separately. The Court will address the claims together because Mr. Rockette's mentions of harassment are in relation to his HUD claims against Defendants, which this Court interprets as being encompassed in a retaliation analysis.

apartment; his maintenance requests being ignored in favor of other tenants; the lack of accommodation to recertify his income by mail when the accommodation was provided to an out-of-state female tenant; threats he experienced because of the finger guns directed his way by Ms. Ashford; and that Ms. Ashford sexually harassed him. [24].

Defendants[3] assert that Mr. Rockette failed to identify a protected activity, an adverse action, or a causal connection between any alleged protected activity and adverse action in his deposition. *See* [133] ex. 2. The filing of a HUD complaint by Mr. Rockette is a protected activity under the FHA. *See Scruggs*, 232 F.3d at *2 (allowing an FHA retaliation analysis to occur when retaliation in response to a HUD complaint was alleged). Mr. Rockette's claims of retaliation and harassment are unorganized and difficult to follow, but it is clear to the Court that Mr. Rockette expressly asserts that Ms. Ashford's sexual harassment was in response to his HUD complaints to have him drop the complaint. Outside of the sexual harassment claim, none of Mr. Rockette's other assertions of retaliation are plead to establish a causal connection between his HUD complaint and the Defendants' conduct. *Id.* While Mr. Rockette alleges that he experienced severe harassment from Defendants, only the sexual harassment claim was asserted to have occurred in response to his protected activity under the FHA. *See Hood*, 627 F. App'x at 300 (finding harassment unactionable when pleadings fail to connect the harassment to the plaintiff's "attempts to exercise their rights under the FHA"). Mr. Rockette's non-sexual harassment retaliation claims fail to raise a causal connection and are dismissed.

Looking to his sexual harassment claim, Defendants argue that, outside of his allegations, Mr. Rockette has failed to produce any evidence that Ms. Ashford sexually harassed him. Mr.

---

[3] Defendants cited a section of Mr. Rockette's deposition to argue that he expressly excluded his eviction from the scope of this lawsuit. [134]. Mr. Rockette's response in opposition [144] does not refute this statement, as a result, the Court will accept Defendants' assertion and exclude the eviction itself from its analysis.

Rockette claims that Ms. Ashford offered him sexual favors if he dropped his HUD complaint. Even accepting that as true for summary judgment purposes, Mr. Rockette failed to raise assertions or provide evidence that Ms. Ashford's actions were motivated by any discriminatory reason to support his retaliation and harassment claims under § 3617. *See Scruggs*, 232 F.3d at *2.

Additionally, Defendants assert that Mr. Rockette confirmed in his deposition that he had no evidence to support his conclusory assertion that Ms. Ashford ever sexually harassed him. [133] Ex. 2. The Court finds that the Defendants have sufficiently shown a lack of genuine dispute of material fact, and the burden has shifted to Mr. Rockette to provide evidence that a genuine dispute still exists. Despite the burden, Mr. Rockette failed to produce or point to any evidence, in the record or through his response in opposition, supporting his contention that he experienced sexual harassment in connection to his filing of a HUD complaint. Mr. Rockette's conclusory assertions of harassment form the sole basis of his claim, and his assertions alone are insufficient to support a claim that Defendants violated § 3617. *See Hood*, 627 F. App'x at 300 (conclusory assertions alone are insufficient to support a claim of harassment in connection with an alleged violation of §§ 3604 and 3617). Mr. Rockette's sexual harassment claim fails. All of Mr. Rockette's federal claims against named Defendants and the unnamed Berkshire employees are dismissed.

### IV. Remaining State Law Claims

Turning to Mr. Rockette's state law claims, in cases such as this one, where all federal claims are dismissed prior to trial, 28 U.S.C. § 1367(c)(3) grants this Court discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. In the Fifth Circuit, the "general rule" is that courts should "decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). In concluding that it should follow the general rule in this case, this Court notes that § 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Importantly, the four § 1367(c) factors are listed in the disjunctive, which means that only one of them needs to be met to grant a district court discretion to decline to exercise supplemental jurisdiction.

The Court will note that Mr. Rockette's state law claims are based on his citations to multiple sections of the Mississippi code, civil and criminal, and his brief mention of a variety of causes of action, such as trespass, in his amended complaint where it is unclear which parties he is maintaining these claims against. [24]. The underlying federal claims against Defendants are being dismissed, subsequently, the Court will decline to exercise supplemental jurisdiction over Mr. Rockette's state law claims against Defendants.

## CONCLUSION

**ACCORDINGLY**, Defendants' Motion for Summary Judgment [133] is **GRANTED**. Mr. Rockette's Federal claims against Carpenter Management, LLC, Audrea Ashford, and the 10 unnamed Carpenter Management and Berkshire employees are **DISMISSED WITH PREJUDICE**. Mr. Rockette's State law claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

A separate judgment in accordance with this order will be entered on this date.

**SO ORDERED** this 13th day of March, 2026.

                                                                          /s/Michael P. Mills  
                                                                          UNITED STATES DISTRICT JUDGE  
                                                                          NORTHERN DISTRICT OF MISSISSIPPI